1  ANTOINETTE R. TUTT, Bar No. 194625
   KULUVA, ARMIJO & GARCIA
2  555 S. Flower Street, Suite 600
   Los Angeles, California 90071
3  (213) 612-5335 (Office)
   (213) 612-5712 (Fax)
4

5  Attorneys for Defendant
   EURPAC SERVICE, INC.
6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  KRISTEN M. BUTLER, AN INDIVIDUAL, | CASE NO. **'15CV2201 LAB JLB** |
| 11 | [San Diego Superior Court Case No. 37-2015-00029753-CU-WT-CTL] |
| 12        Plaintiff, | |
| 13        vs. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF ANDREW DAVIES, ANTOINETTE R. TUTT AND J. ROD BETTS; REQUEST FOR JUDICIAL NOTICE** |
| 14  EURPAC SERVICE INCORPORATED, A CONNECTICUT CORPORATION, DOING BUSINESS AS DUNHAM & SMITH AGENCIES; JAMES ADAMS, AN INDIVIDUAL; AND DOES 1-25, INCLUSIVE, | |
| 15 | |
| 16 | |
| 17        Defendants. | **(SUBJECT MATTER JURISDICTION)** |
| 18 | |

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that EURPAC SERVICE, INC. hereby removes to

21  this Court the state court action described below.

22       PLEASE TAKE FURTHER NOTICE that a Notice of Removal of Action to

23  Federal Court, along with a true and correct copy of this Notice of Removal, is being

24  served on counsel for Plaintiff KRISTEN M. BUTLER ("Plaintiff") and filed

25  concurrently with the Clerk of the Superior Court of the State of California, in and for

26  the County of San Diego.

27  / / /

28
                                  1

1.   On September 2, 2015, Plaintiff Kristen Butler ("Plaintiff") filed a Complaint for Damages (the "Complaint") alleging causes of action for: (1) sexual harassment; (2) gender discrimination; (3) wrongful termination in violation of public policy; (4) retaliation; (5) failure to prevent harassment; (6) negligent supervision; (7) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress in the above-entitled civil action in the Superior Court for the State of California, County of San Diego, Case No. 37-2015-00029753-CU-WT-CTL, (the "Superior Court Action") arising from Plaintiff's employment with Eurpac.

2.   The Summons and Complaint and related documents in the Superior Court Action were served on Eurpac on September 3, 2015, pursuant to California Code of Civil Procedure §416.10.   (A true and correct copy of the Summons, Complaint and related documents served on Eurpac is attached hereto as Exhibit "A.")

3.   Eurpac filed its Answer to the Complaint in the Superior Court Action on October 2, 2015.  (A true and correct copy of Eurpac's Answer is attached hereto as Exhibit "B.")

4.   Eurpac is informed and believes that Defendant, James Adams, has not been served with the Summons and Complaint.

5.   The Summons, Complaint and related documents, and Eurpac's Answer (Exhibits "A" and "B") constitute all of the process, pleadings and orders which Defendant has knowledge of being filed in the Superior Court Action.

6.   This Notice of Removal is timely because it is filed within thirty (30) days of receipt of the Complaint by Defendant.  28 U.S.C. § 1446(b).

7.   Eurpac is a federal contractor that provides food brokerage services to Marine Air Corps Station Miramar (MCAS Miramar). Throughout her employment with Eurpac, Plaintiff was a "Base Manager" for Eurpac at MCAS Miramar. Defendant James Adams became Plaintiff's supervisor within a year of her resignation.

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF (DIVERSITY JURISDICTION)

8.    This action is a civil action of which this District Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Eurpac pursuant to the provisions of 28 U.S.C. Sec. 1441(a) in that it arises under U.S. Const. Art. I, § 8, clause 17 which "grants congress the power to exercise exclusive jurisdiction over enclaves acquired by the United States with the state's consent for various military purposes." *Celli*, 995 F.Supp. 1337, 1341 (D. Utah 1998).    The action may properly be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) because:

a. At the time of the actions alleged in Plaintiff's Complaint, Eurpac operated a food brokerage service at Marine Corps Air Station Miramar, a federal enclave.

b. At the time of the actions alleged in Plaintiff's Complaint, Plaintiff was a Eurpac "Base Manager" assigned to work at the Marine Corps Air Station Miramar.

c. The actions complained of by Plaintiff in her Complaint occurred at Marine Corps Air Station Miramar and/or in her role as Base Manager for Marine Corps Air Station Miramar.

d. If a person's injuries occurred on a "federal enclave" (e.g., at a military base, etc.), the action is held to "arise under" federal law and will support federal jurisdiction.    *Willis*, *supra*, 555 F2d 724, 726 (9th Cir. 1977); *Celli*, *supra*, 40 F3d 328.

e. *Unserved* Defendant James Adams consents, through his counsel, to removal. (*J. Rod Betts Declaration.*) 28 U.S.C. §1446(b)(2)(A).

/ / /
/ / /
/ / /
/ / /

1    10.  For the reasons stated above, this Court has original subject matter

2  jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1331.

3  Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1331 and 1441(a).

4  DATED: October 1, 2015

5                                        KULUVA, ARMIJO & GARCIA

6

7                          By: _____

8                                        ANTOINETTE R. TUTT

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I.   *INTRODUCTION*

Plaintiff Kristen Butler ("Plaintiff") alleges the following eight causes of action in her Complaint: (1) sexual harassment; (2) gender discrimination; (3) wrongful termination in violation of public policy; (4) retaliation; (5) failure to prevent harassment; (6) negligent supervision; (7)  (5) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress.  The crux of Plaintiff's Complaint is that during her employment she was allegedly subjected to sexual harassment by James Adams, her supervisor. Both Plaintiff and Mr. Adams are employees of Eurpac, a federal contractor that provides food brokerage services at Marine Corps Air Station Miramar Commissary ("MCAS Miramar"), which Eurpac contends is a federal enclave. (*See*, Request for Judicial Notice, Declaration of Antoinette Tutt ("Tutt Decl.") at ¶¶4-8.)

### II.   *DEFENDANT HAS REMOVED THIS ACTION IN A TIMELY MANNER.*

The Summons and Complaint were filed by Plaintiff on September 2, 2015. The Summons, Complaint and related documents were served on Eurpac on September 3, 2015. Removal of an action is to occur "within thirty days after the receipt" of the Summons and Complaint.  28 U.S.C. §1446(b).   See also, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (the thirty day period to remove commences with formal service on the defendant).

In the present case, Eurpac has removed the Superior Court Action within 30 days of service of the Summons, Complaint and related documents.

### III.   *PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON SUBJECT MATTER JURISDICTION.*

Plaintiff's Superior Court action is a civil action over which this District Court has original subject matter jurisdiction under 28 U.S.C. § 1331, and is one which may

5

be removed to this Court by Eurpac pursuant to the provisions of 28 U.S.C. §1441(a) in that it arises under U.S. Const. Art. I, § 8, clause 17 which "grants congress the power to exercise exclusive jurisdiction over enclaves acquired by the United States with the state's consent for various military purposes." Celli, *supra*, 995 F.Supp. 1341.

At the time of the actions alleged in Plaintiff's Complaint, Eurpac operated a food brokerage service at MCAS Miramar, a federal enclave. All of the actions complained of by Plaintiff in her Complaint occurred at MCAS Miramar or in her role as Base Manager at that location. If a person's injuries occurred on a "federal enclave" (e.g., at a military base, etc.), the action is held to "arise under" federal law and will support federal jurisdiction. *Willis v. Craig*, 555 F2d 724, 726 (9th Cir. 1977); *Celli v. Shoell*, 40 F3d 324, 328 (10th Cir. 1994). Because MCAS Miramar is a federal enclave, this District Court has original subject matter jurisdiction over the Superior Court Action.

"The United States has power and exclusive authority 'in all Cases whatsoever ... over all places purchased' by the government 'for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings,' U.S. Const. art. I, § 8, cl. 17. Such places are 'federal enclaves' within which the United States has exclusive jurisdiction." *Akin v. Ashland Chem. Co.* (10th Cir. 1998) 156 F3d 1030, 1034. Accordingly, actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction. See *Willis*, *supra*, 555 F2d 724, 726; *Celli*, *supra*, 40 F3d 324, 328. MCAS Miramar, a military base, is a federal enclave and as such Plaintiff's Complaint can be removed pursuant to 28 U.S.C. § 1441(a) and in conformance with 28 U.S.C. §1446.

It is generally knowing that MCAS Miramar is a federal enclave, i.e., owned by the federal government. As early as 1917, during World War I, the United States Army acquired more than 12,000 acres of land from the state of California that is currently the site of MCAS Miramar. (*See*, Defendant's Request for Judicial Notice;

6

1  USMC          Miramar          2011          Annual          Report          at
2  http://www.miramar.usmc.mil/documents/SHR.pdf;          California     State     Military
3  Department/California State Military Museum's History of USMC Miramar at
4  http://www.miramesatowncouncil.org.doc/History%20of%20Miramar.pdf.)

5       In 1939 the state of California consented to allow the United States to acquire by
6  purchase or condemnation "any tract of land within the state for the purpose of
7  erecting forts or other needful building." (*See*, Defendant's Request for Judicial
8  Notice; California Political Code 34, as amended by Ca. Stats. 1939, Ch. 710, §1, 2.
9  2231.)

10      On March 23, 1943, the federal government confirmed its jurisdiction over the
11 land it occupied since 1917 by filing a declaration of taking in an eminent domain
12 action (Civil No. 236-SD) and through a letter from the Secretary of Navy, dated July
13 17, 1943, to then California Governor Earl Warren. (*Id.* Official documents on file
14 with the Official Recorder's Office of San Diego County, California; the California
15 State Lands Commission; and the Library of Congress).

16      Accordingly, Eurpac respectfully requests the court take judicial notice that no
17 later than July 17, 1943, the land currently occupied by MCAS Miramar became a
18 federal enclave subject to the exclusive territorial jurisdiction of the United States.

19      Eurpac, a government contractor, enters into five year Resale Ordering
20 Agreements with the Defense Commissary Agency (DeCa). (Davies Decl. at   ¶3.)
21 Pursuant to these Agreements, Eurpac performed certain services at MCAS Miramar,
22 including representing food manufacturers in military base commissaries. (Davies
23 Decl. at ¶3.)

24      Plaintiff was employed as a Base Manager for Eurpac at MCAS Miramar for
25 approximately two years. (Davies Decl. at   ¶4.)  The work which Plaintiff performed
26 for Eurpac took place on the premises of MCAS Miramar. (Davies Decl. at   ¶¶7, 8.)

27

28

7

1   Accordingly, the alleged acts of which Plaintiff complains took place within a federal
2   enclave.

3       Relying on *Celli*, the court in *In re Welding Rod Products* (N.D. Ohio 2005)
4   2005 WL 147081 specifically stated that "it is generally safe to assume ... that a
5   United States military base is a federal enclave subject to the exclusive jurisdiction of
6   the United States." *Id.* at 6, internal citations omitted.

7       "It is well settled that state laws in effect at the time of the transfer of
8   jurisdiction over a federal enclave remain in force and become part of the federal law
9   governing the enclave." *Celli, supra*, 40 F3d at 328.   "However, subsequently enacted
10  state laws have no application." *Id.*

11      This District Court therefore has jurisdiction over all the parties, and its
12  territorial jurisdiction embraces the place where the Superior Court Action is pending.

13  **IV.   CONCLUSION**

14      Eurpac should be able to remove this case involving a federal enclave to federal
15  court since it has plead factual allegations sufficient to "to raise a right to relief above
16  the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). For all
17  the foregoing reasons, Defendant submits that Plaintiff's Superior Court action is
18  properly removable to this District Court.

19  DATED: October 1, 2015

20                                  KULUVA, ARMIJO & GARCIA
21
22                          By:   _____
23                                  ANTOINETTE R. TUTT
24
25
26
27
28
                                  8

## DECLARATION OF ANDREW DAVIES

I, Andrew Davies, declare:

1.     I am the West Region Manager for Eurpac, Inc. ("Eurpac") and held that position during Plaintiff, Kristin Butler's, employment with Eurpac from 2011 through 2013. During my tenure in this position, the Marine Corps Air Station Miramar was within my territory.   As the West Region Manager my responsibilities included directly overseeing Area Managers. I have been the direct supervisor of James Adams since April 2012. Accordingly, I have personal knowledge of the facts contained in this declaration.  If sworn as a witness, I could and would testify truthfully under oath as follows:

2.     As the West Region Manager, I ensure that Area Managers maintain product distribution on the shelf and that manufacturers' promotional items are displayed in commissaries on military bases throughout California and nine other states. I also ensure that Base Managers submit that time sheets through EZ labor, Eurpac's online time management software. As the West Region Manager I personally visit commissaries throughout my territory.

3.     Eurpac, a government contractor, has Resale Ordering Agreements with the Defense Commissary Agency for five year terms. Dunham & Smith, the dba of Eurpac, is a broker for food manufacturers that represents those entities in military base commissaries. All of the work Eurpac performed for Marine Corps Air Station Miramar was on the premises of that Marine Corps base.

4.     Eurpac employed Plaintiff, Kristin Butler, as a Base Manager from June 13, 2011 until the effective date of her resignation on October 21, 2013. Throughout Ms. Butler's Eurpac employment as a Base Manager, her assigned base was Marine Corps Air Station Miramar.

5.     From 1998-1999 I was a Base Manager for Eurpac at Fort Wainwright in Fairbanks, Alaska. As a Base Manager I was at the base's commissary five days a

9

week. All my working hours were spent at the commissary hanging manufacturer sale signs, hanging coupons, placing orders with the commissary grocery manager for a variety of food products, and ensuring stockers came to the commissary and stocked the food product.

6.      It is my understanding that a Base Manager, like Ms. Butler, had the same responsibilities as I did. I also know that the Base Manager's duties have expanded since 1999.

7.      As a Base Manager, Ms. Butler acted as an in-store merchandiser.  Her duties included arranging for manufacturers' product to be put on the shelf, supervising stockers, and determining if the commissary was interested in buying certain product. She was also responsible for rotating product, marking down product, and reimbursing the commissary when the product did not sell.

8.      The work Ms. Butler performed for Eurpac took place on the premises of Marine Corps Air Station Miramar, or was related to Eurpac's Agreements with DeCa.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I could and would testify thereto as herein if called upon to do so, based upon my personal knowledge of the facts set forth herein.

Executed on _9 | 30 |_____, 2015 at (city) _E/K Crove_

(state) _C A_____.

ANDREW DAVIES

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (DIVERSITY JURISDICTION)

## DECLARATION OF ANTOINETTE R. TUTT

I, Antoinette R. Tutt, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and I am admitted to practice before the United States District Court in the Southern District of California. I am an attorney with the law firm of KULUVA, ARMIJO & GARCIA, counsel to Defendant, Eurpac Service, Inc., in this action.

2.      The Summons and Complaint and related documents in the Superior Court Action were served on Eurpac on September 3, 2015, pursuant to California Code of Civil Procedure §416.10.  (A true and correct copy of the Summons, Complaint, and related documents served on Eurpac is attached hereto as Exhibit A.)

3.      Eurpac filed its Answer to the Complaint in the Superior Court Action on October 2, 2015.  (A true and correct copy of Eurpac's Answer is attached hereto as Exhibit B.)

4.      Attached hereto as Exhibit C is a true and correct copy of the United States Marine Corps Air Station Miramar 2011 Annual Report, which is available online at http://www.miramar.usmc.mil/documents/SHR.pdf.

5.      Attached hereto as Exhibit D is a true and correct copy of the California State Military Department/California State Military Museum's History of USMC Miramar archive which was previously available online  at http://www.militarymuseum.org/MCASMiramar.html#3.

6.      Attached hereto as Exhibit E is the Mira Mesa Town Council's History of Miramar which is available online at http://www.miramesatowncouncil.org/doc/History%20of%20Miramar.pdf.

7.      I am informed and believe that in 1939, the state of California consented to allow the United States to acquire by purchase or condemnation "any track of land within the state for the purpose of erecting forts or other needful buildings," as set forth in the California Political Code 34, as amended by Cal. Stats. 1939, Ch. 710, §1,

11

p.2231, attached hereto as Exhibit F.

8.    I am informed and believe that on March 23, 1943, the federal government confirmed its jurisdiction over the land it occupied since 1917 by filing a declaration of taking in an eminent domain action (Civil No. 236-SD) and through a letter from the Secretary of Navy, dated July 17, 1943, to then California Governor Earl Warren. I am informed and believe that the official documents confirming this are on file with the Official Recorder's Office of San Diego County, California, the California State Lands Commission, and the Library of Congress.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that I could and would testify thereto as herein if called upon to do so, based upon my personal knowledge of the facts set forth herein.

Executed on October 1, 2015 at Los Angeles, California.

ANTOINETTE R. TUTT

1   J. ROD BETTS (SBN 098912)
    rbetts@paulplevin.com
2   ANGELA T. MULLINS (SBN 223737)
    amullins@paulplevin.com
3   **PAUL, PLEVIN, SULLIVAN &**
    **CONNAUGHTON** LLP
4   101 West Broadway, Ninth Floor
5   San Diego, California 92101-8285
    Telephone: 619-237-5200
6   Facsimile: 619-615-0700

7
    Attorneys for Defendant JAMES ADAMS
8

9                   UNITED STATES DISTRICT COURT

10                SOUTHERN DISTRICT OF CALIFORNIA

11

12  KRISTEN M. BUTLER, an          CASE NO.
    individual,
13                                 [San Diego Superior Court Case No.
            Plaintiff,             37-2015-00029753-CU-WT-CTL]
14
        v.                         **DECLARATION OF J. ROD BETTS**
15                                 **IN SUPPORT OF PETITION FOR**
    EURPAC SERVICE                 **REMOVAL**
16  INCORPORATED, a Connecticut
    corporation, doing business as
17  Dunham & Smith Agencies; JAMES
    ADAMS, an individual; and DOES
18  1-25, inclusive,
19
            Defendants.
20

21

22       I, J. Rod Betts, declare:

23       1.      I am a partner in the law firm of Paul, Plevin, Sullivan &

24  Connaughton LLP.  I am licensed to practice before this court, and have personal

25  knowledge of the following facts and, if called as a witness, could and would

26  testify competently thereto.

27       2.      Our firm has been retained to represent an individually named

28  defendant in this action, James Adams ("Mr. Adams").

1      3.      Mr. Adams has not been served with the complaint in the above-

2   entitled matter and has not made an appearance.

3      4.      I am advised by counsel for Eurpac Service, Inc. ("Eurpac") that

4   Eurpac intends to remove this action from the Superior Court of the State of

5   California, County of San Diego ("Superior Court), to this court.

6      5.      This declaration is made for the sole purpose of advising this court

7   that Mr. Adams consents to the removal of this action from the Superior Court to

8   this court.

9      6.      This declaration does not constitute an appearance on behalf of Mr.

10   Adams in either the Superior Court or this court.

11         I declare under penalty of perjury under the laws of the United States of

12   America and the State of California that the foregoing is true and correct.

13         Executed on September 29, 2015, at San Diego, California.

14

15                                    _____

16                                    J. Rod Betts

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DECLARATION OF J. ROD BETTS IN SUPPORT OF PETITION        2
FOR REMOVAL