# Exhibit "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EURPAC SERVICE INCORPORATED, a Connecticut corporation, doing business as Dunham & Smith Agencies; JAMES ADAMS, an individual; and DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KRISTEN BUTLER, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/02/2015** at 10:08:04 AM

Clerk of the Superior Court
By Rachel Harmon, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: San Diego Superior Court
*(El nombre y dirección de la corte es):*
330 West Broadway
330 West Broadway
San Diego    CA    92101

**CASE NUMBER:** *(Número)* 37-2016-00029753-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frank J. Polek    619-550-2455    167852
3033 Fifth Avenue, Suite 225
San Diego    CA    92103

**DATE:** 09/03/2015    Clerk, by R. Harmon, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☑ as the person sued under the fictitious name of *(specify):* EurPac Service Incorporated, a Connecticut corporation
3. ☑ on behalf of *(specify):* doing business as Dunham & Smith Agencies

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**    CEB    Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Frank J. Polek, SBN 167852
POLEK LAW
701 B Street, Suite 1110
San Diego, California 92101
619-550-2455
619-274-8166 (fax)
frank@poleklaw.com

Attorney for Plaintiff
KRISTEN M. BUTLER

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/02/2015 at 10:08:04 AM
Clerk of the Superior Court
By Rachel Harmon, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| KRISTEN M. BUTLER, an individual<br><br>Plaintiff,<br>vs.<br><br>EURPAC SERVICE INCORPORATED, a Connecticut corporation, doing business as Dunham & Smith Agencies; JAMES ADAMS, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 37-2015-00029753-CU-WT-CTL<br><br>**COMPLAINT FOR:**<br><br>(1) SEXUAL HARASSMENT;<br>(2) GENDER DISCRIMINATION;<br>(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>(4) RETALIATION;<br>(5) FAILURE TO PREVENT HARASSMENT<br>(6) NEGLIGENT SUPERVISION;<br>(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND<br>(8) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

1. Plaintiff, KRISTEN M. BUTLER (hereinafter "Plaintiff" or "Butler"), is a natural person who is, and at all times herein mentioned was, a resident of the State of California, County of San Diego.

2. Plaintiff believes and thereon alleges that at all times herein mentioned, Defendant EURPAC SERVICE INCORPORATED, doing business as Dunham & Smith Agencies (hereinafter "Eurpac"), was at all times relevant and remains a Connecticut company transacting business within the City of San Diego.

COMPLAINT FOR SEXUAL HARASSMENT, WRONGFUL TERMINATION, RETALIATION, ETC.
- 1 -

3. Plaintiff believes and thereon alleges that at all times herein mentioned, Defendant JAMES ADAMS (hereinafter "Adams"), an individual, is and was a resident of the State of California.

4. Defendant Adams acts as the agent of Eurpac and, at all times pertinent to Plaintiff's claims, Defendant Adams acted as a manager and/or supervisor of Plaintiff, and was acting in the course and scope of his employment. As such, Eurpac is vicariously liable for the actions of Defendant Adams.

5. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 25, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

6. Plaintiff believes and thereon alleges that each of these Defendants named herein as DOES are the agents, employers, representatives or employees of the other named Defendants and when performing the acts alleged herein, were acting within the scope of their agency, employment and/or representative capacity and are therefore responsible for the acts complained of herein.

## FACTUAL ALLEGATIONS

7. In or about June 2011, Plaintiff began working for Eurpac.

8. Throughout her employment, Plaintiff performed her work assignments in a capable and competent manner.

9. Soon after beginning her employment at Eurpac, and without Plaintiff's consent, Defendant Adams began harassing Plaintiff with sexually-charged comments and conduct, including but not limited to the following events:

  a. Adams would repeatedly comment on Plaintiff's breasts, saying such things as "the girls look good" and "we gonna see those things";

  b. Adams would frequently comment on Plaintiff's appearance saying such things as "looking good," as he looked at her body;

  c. Adams frequently hugged Plaintiff, holding her tightly and for an inappropriate amount of time; and

COMPLAINT FOR SEXUAL HARASSMENT, WRONGFUL TERMINATION, RETALIATION, ETC.
- 2 -

    d. Adams would frequently send Plaintiff sexually charged text messages.

  10. Defendant Adams would frequently try to intimidate Plaintiff to not report his egregious sexual harassment. He would say such things as "I am a pillar in this company," "I am a crazy ex-Marine," and "Nobody would believe you anyway." Based on these comments, Plaintiff was in legitimate fear for her safety and her job.

  11. Eventually, Plaintiff complained to Eurpac's human resources manager about Defendant Adams's harassing conduct, and provided Eurpac with copies of Adams' text messages to Plaintiff. In response, Eurpac removed Adams from his supervisory role over Plaintiff, and reassigned Adams to a different regional responsibility within the company.

  12. After Plaintiff's complaint to Eurpac about Adams' harassment of Plaintiff, Eurpac began to retaliate against Plaintiff. Plaintiff was passed over for a promotion in favor of another employee with less seniority and less success within the company. Plaintiff also suffered retaliatory comments from other employees who were loyal to Adams.

  13. Eurpac also purported to give Plaintiff a "warning" about certain actions that did not occur while Plaintiff was out on leave, but which another employee had agreed to do.

  14. Eurpac also intentionally did not provide Plaintiff with information about additional benefits available to employees.

  15. Eurpac also intentionally did not provide Plaintiff with information and forms necessary to do her job.

  16. Eurpac also removed Plaintiff's name from internal databases regarding manager rankings, making it impossible for Plaintiff to learn where Plaintiff's performance stood in comparison to other employees.

  17. As a result of the sexual harassment suffered by Plaintiff and Eurpac's retaliation, Plaintiff had no choice but to resign her position with Eurpac. Eurpac either intentionally created and/or knowingly permitted working conditions that were so intolerable and aggravated at the time of Plaintiff's resignation, a reasonable employer would know that a reasonable person in Plaintiff's position would be compelled to resign.

COMPLAINT FOR SEXUAL HARASSMENT, WRONGFUL TERMINATION, RETALIATION, ETC.
- 3 -

16

18. Defendants, and each of them, committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Therefore, Defendants' conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

19. Plaintiff filed her charges of discrimination and harassment against Defendants with the California Department of Fair Employment and Housing on September 4, 2014, and thereafter, on that same day, received from the California Department of Fair Employment and Housing a "Right to Sue" letter.

## FIRST CAUSE OF ACTION

(Sexual Harassment under Gov't. Code § 12940 *et seq.*—Against All Defendants)

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

21. At all times mentioned herein, California Government Code section 12940 *et seq.* was in full force and effect and was binding on Defendants. This section requires Eurpac, as an employer, to refrain from sexually harassing any employee and to take steps to ensure that its employees do not harass other employees.

22. Plaintiff believes and thereon alleges that she was sexually and pervasively harassed by Defendant Adams. Such actions are unlawful, in violation of Cal. Gov't Code §12940 *et seq.*, and have resulted in damage and injury to Plaintiff, as alleged herein.

23. As a proximate result of Defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

24. As a result of Defendants' deliberate, outrageous and despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each of

COMPLAINT FOR SEXUAL HARASSMENT, WRONGFUL TERMINATION, RETALIATION, ETC.
- 4 -

1  Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible
2  conduct.

## SECOND CAUSE OF ACTION

### (Gender Discrimination under Gov't Code § 12940(a)—Against All Defendants)

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

26. At all times mentioned herein, California Government Code § 12940 *et seq.* was in full force and effect and was binding on Defendant. This section requires Eurpac, as an employer, to refrain from discriminating against or harassing any employee on the basis of gender, and to take steps to ensure that its employees do not discriminate against or harass other employees.

27. Plaintiff believes and thereon alleges that her gender was a factor in Defendant's adverse actions directed against her, as set forth herein. Such actions are unlawful, discriminatory, and retaliatory in violation of Government Code § 12940 *et seq.*, and have resulted in damage and injury to Plaintiff, as alleged herein.

28. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

29. As a result of Defendants' deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each of Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## THIRD CAUSE OF ACTION

### (Wrongful Termination In Violation of Public Policy—Against Eurpac)

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. As a result of the sexual harassment suffered by Plaintiff and Eurpac's refusal to take corrective action, Plaintiff had no choice but to resign her position with Eurpac.

32. Eurpac either intentionally created and/or knowingly permitted working conditions that were so intolerable and aggravated at the time of Plaintiff's resignation that a reasonable employer would know that a reasonable person in Plaintiff's position would be compelled to resign.

33. As a result of Plaintiff's wrongful termination in violation of public policy, Plaintiff has suffered damages in an amount to be determined at trial including, but not limited to, lost wages, pain, suffering and emotional distress.

34. Defendant's actions in terminating Plaintiff in violation of public policy were intentional, malicious, willful and despicable. As a result, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Eurpac for its behavior.

## FOURTH CAUSE OF ACTION

### (Retaliation under Gov't Code §12940(h)—Against Eurpac)

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

36. Plaintiff and Eurpac maintained an employer-employee relationship at all times relevant herein.

37. Eurpac retaliated against Plaintiff as a direct and proximate result of her opposition to, and complaints regarding, sexual and racial harassment.

38. As a direct, foreseeable, and proximate result of Eurpac's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment and promotional opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.

39. As a direct, foreseeable, and proximate result of Eurpac's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

40. As a result of Eurpac's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Eurpac's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## FIFTH CAUSE OF ACTION

### (Failure to Prevent Harassment under Gov't Code §12940(k)—Against Eurpac)

41. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42. Plaintiff was subject to unwanted harassing conduct on the basis of her gender, as set forth herein. Plaintiff was also subject to retaliation because she opposed and complained about Eurpac's unlawful conduct.

43. Eurpac failed to take reasonable steps to prevent the harassment and retaliation as described herein.

44. Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

45. As a further direct, foreseeable, and proximate result of Eurpac's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

46. As a result of Eurpac's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Eurpac's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## SIXTH CAUSE OF ACTION

### (For Negligent Supervision—Against Eurpac)

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

48. Plaintiff performed work for Eurpac, as an employee, as stated herein.

49. Eurpac's employee, Defendant Adams, sexually harassed Plaintiff.

50. Plaintiff complained to Eurpac regarding the sexual harassment.

51. Eurpac retaliated against Plaintiff for complaining about sexual harassment.

52. Eurpac knew of Defendant Adams's illegal conduct.

53. As a direct, foreseeable, and proximate result of Eurpac's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial.

54. As a direct, foreseeable, and proximate result of Eurpac's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

55. As a result of Eurpac's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Eurpac's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## SEVENTH CAUSE OF ACTION

### (For Intentional Infliction of Emotional Distress—Against All Defendants)

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57. Defendants' intentional conduct, as set forth herein, was extreme and outrageous.

58. Defendants intended to cause Plaintiff to suffer extreme and severe emotional distress. Plaintiff suffered extreme emotional distress.

59. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

60. As a result of Defendants' deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendants' wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

## EIGHTH CAUSE OF ACTION

**(For Negligent Infliction of Emotional Distress—Against All Defendants)**

61. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

62. Defendants' conduct, as set forth herein, was extreme and outrageous.

63. Defendants negligently caused Plaintiff to suffer extreme severe emotional distress.

64. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

## PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

1. For compensatory damages according to proof;
2. For punitive damages in an amount necessary to make an example of and to punish defendants for their conduct, and to deter future similar misconduct;
3. For attorneys' fees and costs of suit herein;
4. For prejudgment interest, at the legal rate of interest; and
5. For such other and further relief as the Court deems just and proper.

Dated: September 2, 2015

POLEK LAW

By: /s/ Frank J. Polek
Frank J. Polek
Attorney for Plaintiff
KRISTEN M. BUTLER

COMPLAINT FOR SEXUAL HARASSMENT, WRONGFUL TERMINATION, RETALIATION, ETC.
- 9 -