# Exhibit "B"

ANTOINETTE R. TUTT, Bar No. 194625
KULUVA, ARMIJO & GARCIA
555 S. Flower Street, Suite 600
Los Angeles, California 90071
(213) 612-5335 (Office)
(213) 612-5712 (Fax)

Attorneys for Defendant
EURPAC SERVICE, INC.

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

UNLIMITED

| | |
|---|---|
| KRISTEN M. BUTLER, AN INDIVIDUAL, | CASE NO. 37-2015-00029753-CU-WT-CTL |
| Plaintiff, | |
| vs. | **EURPAC SERVICE, INC.'s ANSWER TO COMPLAINT** |
| EURPAC SERVICE INCORPORATED, A CONNECTICUT CORPORATION, DOING BUSINESS AS DUNHAM & SMITH AGENCIES; JAMES ADAMS, AN INDIVIDUAL; AND DOES 1-25, INCLUSIVE, | |
| Defendants. | |

COMES NOW Defendant Eurpac Service, Inc. ("Defendant") and answering Plaintiff's Complaint on file herein, admits, denies and alleges as follows:

Under the provisions of section 431.30(d) of the *Code of Civil Procedure*, Defendant denies both generally and specifically each, every, and all of the allegations contained in said Complaint, and the whole thereof, including each and every purported cause of action contained therein, and deny that the Plaintiff sustained or will sustain damages in the sum or sums alleged, or in any other sum or sums, at all.

Further answering the Complaint, Defendant denies that Plaintiff sustained any injury, damage or loss by reason of any act or omission, on the part of Defendant, or any agent, servant, or employee of Defendant.

1

### First Affirmative Defense
### *Failure to State a Claim*

1.    As a separate and independent affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted as to the causes of action for sexual harassment, sexual discrimination, retaliation and failure to prevent discrimination and harassment. Plaintiff was not terminated based on her sex or gender but, rather, for legitimate non-discriminatory reasons unrelated to her sex or gender.

### Second Affirmative Defense
### *Failure to Exhaust Administrative Remedies*

2.    As a separate and independent affirmative defense, Defendant alleges that to the extent that Plaintiff has failed to satisfy statutory prerequisites to suit or failed to exhaust his administrative remedies, the causes of action for sexual harassment, sexual discrimination, retaliation and failure to prevent discrimination and harassment are barred. Defendant generally denies that plaintiff has filed an administrative charge within one year of the alleged adverse action (Gov. Code §§ 12960, subd. (d), 12965, subd. (b)) or within 300 days of the alleged adverse action. (42 U.S. Code § 2000e– subd. 5(e)(1).)

### Third Affirmative Defense
### *Causation*

3.    As a separate and independent affirmative defense, Defendant alleges that, to the extent Plaintiff has suffered the damages alleged in his Complaint, such damages were not caused by Defendant, but by the acts or omissions of Plaintiff himself or others.

### Fourth Affirmative Defense
### *Privilege*

4.    As a separate and independent affirmative defense, Defendant alleges that the actions alleged in the Complaint were at all times reasonable, privileged and justified.

### Fifth Affirmative Defense
### *Laches/Waiver/Estoppel/Unclean Hands*

5.    As a separate and independent affirmative defense, Defendant alleges that Plaintiff's

2

24

claims are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### Sixth Affirmative Defense
#### *Managerial Privilege*

6.      As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Defendant's conduct was a just and proper exercise of management discretion, undertaken for fair and legitimate reasons, and regulated by good faith under the circumstances then existing.

### Seventh Affirmative Defense
#### *Employer's Legal Rights*

7.      As a separate and independent affirmative defense Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Defendant, in good faith, acted under a legal right and did no more than insist upon using these rights in a permissible way.

### Eighth Affirmative Defense
#### *Business Judgment Rule*

8.      As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Defendant acted in accordance with reasonable and sound business judgment.

### Ninth Affirmative Defense
#### *Consent*

9.      As a separate and independent affirmative defense, Defendant alleges that Plaintiff's causes of action are barred in their entirety to the extent that he consented to the actions of which she complains.

### Tenth Affirmative Defense
#### *Failure to Mitigate Damages*

10.      As a separate and independent affirmative defense, Defendant is informed and believes, and on that ground alleges, that Plaintiff has had and continues to have the ability and opportunity to mitigate the damages alleged in his Complaint and has failed to act reasonably to mitigate such damages.

/ / /

3

25

## Eleventh Affirmative Defense
### *Lack of Proximate Cause*

11.     As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because the damages or injuries allegedly sustained by Plaintiff, if any, were not proximately caused by the acts, omissions, and/or breach of obligations of Defendant, thereby eliminating or reducing any alleged liability.

## Twelfth Affirmative Defense
### *No Attorney's Fees*

12.     As a separate and independent affirmative defense, Defendant alleges that Plaintiff is barred from recovering attorney's fees and costs, because his complaint fails to state a cause of action for sexual harassment, sexual discrimination, retaliation and failure to prevent discrimination and harassment and supporting facts that would enable Plaintiff to recover attorneys' fees and costs under the Fair Employment and Housing Act. Plaintiff was not terminated based on her sex or gender but, rather, for legitimate non-discriminatory reasons unrelated to her sex or gender.

## Thirteenth Affirmative Defense
### *No Punitive Damages*

13.     As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Plaintiff has failed to state facts sufficient to support an award of punitive damages against Defendant.

## Fourteenth Affirmative Defense
### *Legitimate Non-Discriminatory Reasons for Employment Decision*

14.     As a separate and independent affirmative defense, Defendant alleges that the purported disparity in treatment of Plaintiff was not based on discrimination or retaliation but was based on one or more legitimate, nondiscriminatory reasons.

## Fifteenth Affirmative Defense
### *Plaintiff not subject to unlawful conduct*

15.     As a separate and independent affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, is barred because Defendant did not subject Plaintiff to discrimination or retaliatory conduct.

4

## Sixteenth Affirmative Defense
### *Statutes of Limitation – DFEH*

16. As a separate and independent affirmative defense, Defendant alleges that to the extent Complaint's cause of action is based upon the California Fair Employment and Housing Act, specifically the causes of action for sexual harassment, gender discrimination, and retaliation, are barred by Plaintiff's failure to timely exhaust her administrative remedies, in whole or in part, pursuant to California Government Code § 12900 *et seq.*, to the extent such claims are based upon events, incidents, acts, or omissions that occurred more than one year prior to Plaintiff's filing any charge with the Department of Fair Employment and Housing ("DFEH"). California *Government Code* § 12965. Defendant generally denies that plaintiff has filed an administrative charge within one year of the alleged adverse action. Gov. Code §§ 12960, subd. (d), 12965, subd. (b).

## Seventeenth Affirmative Defense
### *Statutes of Limitation –EEOC*

17. As a separate and independent affirmative defense, Defendant alleges that to the extent Complaint's cause of action is based upon the Civil Rights Act of 1964, specifically the causes of action for sexual harassment, gender discrimination, and retaliation, are barred by Plaintiff's failure to timely exhaust her administrative remedies, in whole or in part, pursuant to 42 U.S.C. § 2000e *et seq.*, to the extent such claims are based upon events, incidents, acts, or omissions that occurred more than 300 days prior to Plaintiff's filing any charge with the Department of Fair Employment and Housing ("DFEH"). (42 U.S. Code § 2000e– subd. 5(e)(1).) Defendant generally denies that plaintiff has filed an administrative charge within 300 days of the alleged adverse action. (42 U.S. Code § 2000e– subd. 5(e)(1).)

## Eighteenth Affirmative Defense
### *Same Decision*

18. Neutral motivating factors caused the decision to separate plaintiff from employment with Defendant. Irrespective of plaintiff's sex or gender, or any claims of retaliation or harassment, neutral motivating factors would have led Defendant to the same outcome.

/ / /

EURPAC SERVICE, INC.'s ANSWER TO COMPLAINT

1    WHEREFORE, Defendant prays that Plaintiff takes nothing, and that Defendant be dismissed

2    hence with costs of suit incurred herein, and for such other further relief as the court deems fit and

3    proper.

4    DATED: October 1, 2015

5                                          KULUVA, ARMIJO & GARCIA

6
                                    By:  _____
7                                          ANTOINETTE R. TUTT
8                                          Attorneys for Defendant
                                           EURPAC SERVICE, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

C.C.P. Sections 1013 and 1013a

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; I work in the County of Los Angeles, California, in which County the within mailing took place; and I am not a party to the subject case. My business address is 555 S. Flower Street, Suite 600, Los Angeles, California 90071.

I am familiar with the practice of this law firm for the collection and processing of documents for mailing with the United States Postal Service, that the documents would be deposited with the United States Postal Service that same day in the ordinary course of business.

On October 1, 2015, I placed the within **EURPAC SERVICE, INC.'s ANSWER TO COMPLAINT** in an envelope(s) sealed, with postage thereon fully prepaid, and following the ordinary business practices of this law firm, placed said envelope(s) for collection and mailing to the parties to the within action, at Los Angeles, California, addressed as follows:

Frank J. Polek
Polek Law
701 B Street, Suite 1110
San Diego, CA 92101

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this day October 1, 2015, at Los Angeles, California.


_____
Maria M. Cerros

7